UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES TAYLOR,

        Petitioner,

                                    CASE NO. 05-CV-70966-DT
v.                                  JUDGE GERALD E. ROSEN
                                    MAGISTRATE JUDGE PAUL KOMIVES

HELEN J. MARBERRY,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Procedural Background*

Petitioner Charles Taylor is a federal prisoner, currently confined at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). On July 10, 1996, petitioner was sentenced to a term of 222 months' imprisonment by the United States District Court for the Northern District of Illinois following his conviction in that court for armed bank robbery. The facts giving rise to the instant petition are undisputed.

Petitioner was arrested on April 10, 1995, by state police officials. On April 15, 1995, petitioner was released to Cook County, Illinois, on a parole violation warrant. On May 4, 1995, petitioner was released to federal custody pursuant to a writ of habeas corpus ad prosequendum, and on July 20, 1996, he was returned to state custody. On July 30, 1996, he completed service of his

state sentence and was returned to federal custody pursuant to a detainer.  In 2000, petitioner filed an Administrative Remedy Request with the Warden at FCI-Milan, seeking credit against his federal sentence for the time from April 10, 1995, to July 20, 1996.  The request was denied by the Warden.  *See* Pet., Ex. A.  Petitioner then filed a regional appeal.  The Regional Director informed petitioner that

> [i]n accordance with federal statute and Bureau of Prisons policy, your sentence has been computed to begin July 10, 1996.  As a result of the decision rendered in Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the Bureau of Prisons considers an inmate's request for prior custody credit toward a federal sentence, (time spent in service of a state sentence), as a request for a nunc pro tunc designation.  A designation for concurrent service of sentences should be made only when it is consistent with the intent of the sentencing federal court, or with the goals of the criminal justice system.  Accordingly a letter has been mailed to the federal sentencing court seeking further clarification regarding the prospect of concurrency.  You will be apprised of any forthcoming response.

Pet., Ex. C.  The Regional Director contacted the sentencing court, and on April 20, 2001, the court filed a minute order that petitioner's federal sentence run concurrently with his state parole violator sentence.  *See id.*, Exs. E & F.  On May 22, 2001, the sentencing court amended the judgment to provide for concurrent service of the federal sentence and the state parole violator term.  *See* Gov't's Br., Ex. 2.  On May 2, 2001, in light of the sentencing court's response, the Regional Director entered a nunc pro tunc designation reflecting the concurrent service of the federal and state sentences beginning with the imposition of petitioner's federal sentence on July 10, 1996.  *See id.*, Ex. 3.

On May 29, 2001, petitioner filed a Inmate Request to Staff Member challenging the Bureau's implementation of the sentencing court's amended judgment.  Petitioner argued that he was entitled to sentencing credit for the entire time he spent in federal custody, *i.e.* from May 4, 1995, through July 19, 1996.  Petitioner's request was denied, and he filed no further administrative

appeal.

On March 11, 2005, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that he is entitled to credit against his federal sentence for the entire time that he spent in federal custody prior to the imposition of the federal sentence. The government filed a response on April 25, 2005. The government argues that petitioner has failed to exhaust his administrative remedies, and that petitioner's claim is without merit.

B.   *Analysis*

  1.   *Exhaustion*

The government first contends that petitioner's habeas application should be dismissed because petitioner has failed to exhaust his administrative remedies. Specifically, the government argues that petitioner failed to appeal the denial of his inmate request by filing a formal request for administrative remedy with the Warden and the Regional Director, as permitted by Bureau regulations. *See* 28 C.F.R. §§ 542.13-.15. While it is true that a federal prisoner must exhaust his administrative remedies by following these procedures before seeking habeas relief, *see United States v. Singh*, 52 Fed. Appx. 711, 712 (6th Cir. 2002), it is equally true that the judicially crafted exhaustion requirement is not jurisdictional, and a district court may therefore proceed to address the merits of an unexhausted claim. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990); *Schiselman v. United States Parole Comm'n*, 858 F.2d 1232, 1234 n.1 (7th Cir. 1988). Because, as explained below, petitioner's claim is clearly without merit, the Court should deny the petition on the merits rather than requiring further exhaustion.

  2.   *Petitioner's Entitlement to Credit*

Petitioner contends that he is entitled to credit against his sentence for the time spent in

federal custody on the writ of habeas corpus ad prosequendum. In support of this claim, petitioner relies on 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Petitioner was credited with the time from April 10 to April 15, 1995, pursuant to paragraph (1), and was credited with the time beginning on July 10, 1996, pursuant to the sentencing court's indication that it intended the state and federal sentences to be concurrent. At issue here is the time that petitioner was in federal custody pursuant to the writ ad prosequendum, from April 15, 1995 through July 9, 1996.

Contrary to petitioner's argument, § 3585(b) makes clear that petitioner is not entitled to credit against his federal sentence for this time. It is undisputed that, during this time, petitioner had been committed to Cook County authorities and was serving time on a state parole violation. Nor is it disputed that this time was credited by the state authorities against petitioner's state sentence. The language of § 3585(b) makes clear that credit is available only for time spent in custody prior to sentencing which "has not been credited against another sentence." 18 U.S.C. § 3585(b). As the Supreme Court has explained, in enacting this language "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 335 (1992). As the courts of appeals have uniformly explained, "a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and

until the first sovereign relinquishes jurisdiction over the prisoner." *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000); *Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999); *Jones v. Hemingway*, No. 02-CV-70179, 2002 WL 1009719, at *3 (E.D. Mich. Apr. 30, 2002) (Cleland, J.); *Jimenez v. Warden, FDIC, Fort Devars, Mass.*, 147 F. Supp. 2d 24, 28-29 (D. Mass. 2001). Because this time was credited against petitioner's state sentence, he is not entitled to have it also credited against his federal sentence. *See Bridgeman v. Bureau of Prisons*, 112 Fed. Appx. 411, 413 (6th Cir. 2004). Further, this conclusion is not altered by the fact that the federal sentence was ordered to run concurrent with the state sentence. *See Easley v. Stepp*, 5 Fed. Appx. 541, 542 (7th Cir. 2001); *Jones*, 2002 WL 1009719, at *3.

Petitioner's reliance on *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990) and Department of Justice Program Statement 5160.05, is misplaced. Both *Barden* and Program Statement 5160.05 deal with the computation of concurrent sentences after the federal sentence has been imposed. These authorities provide the Bureau with discretion to designate a state place of confinement for service of a concurrent federal sentence, so as to effectuate the intent of the federal sentencing court. That is precisely what happened here, when the Regional Director credited petitioner's sentence for the period of July 10 to July 20, 1996, after the sentencing court amended its judgment. Neither *Barden* nor Program Statement 5160.05 addresses the credit that must be awarded for time served prior to the imposition of the federal sentence. As explained above, that question is answered by § 3585(b), which directs that petitioner may not receive credit for the time which was credited against his state sentence. Thus, *Barden* and Program Statement 5160.05 are inapplicable here.

C.   *Conclusion*

In view of the foregoing, the Court should conclude that the Bureau of Prisons properly

refused to credit petitioner's federal sentence for the time he spent in federal custody on a writ of habeas corpus ad prosequendum, because that time had already been counted against his state sentence. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                           s/Paul J. Komives
                                           PAUL J. KOMIVES
                                           UNITED STATES MAGISTRATE JUDGE

Dated: <u>September 14, 2005</u>

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 14, 2005.
>
> <u>s/Eddrey Butts</u>
> Case Manager